### SIMS v. OHIO RIVER AND CHARLESTON RY. CO.

1. PLEADINGS—COMPLAINT—AMENDMENT OF.—A plaintiff may amend his complaint as a matter of course at any time within twenty days after its service, provided it is not done merely for delay.

2. DAMAGES—NEGLIGENCE.—An action for damages lies for the negligent performance of a lawful work.

3. PLEADINGS—NEGLIGENCE—EMBANKMENT.—A COMPLAINT alleging that "the natural slope of the clay used in making said embankment, owing to its negligent and improper construction, has caused it to project outside of and beyond defendant's right of way" over the lands of plaintiff, is not fatally faulty.

4. EMINENT DOMAIN.—Taking land for a public purpose involves a *mind* to take. The physical taking may be shown by complaint, but the *intention* to take must be shown by answer.

Before GAGE, J., November, 1898.   Affirmed.

Action by Joseph M. Sims against Ohio River and Charleston Ry. Co. for damages resulting from construction of an embankment. From orders refusing to strike out amended complaint and overruling demurrer thereto, defendant appeals.

*Mr. Geo. W. S. Hart,* for appellant, cites: *Amended complaint states no cause of action of which Court of Common Pleas has jurisdiction:* 54 S. C., 114; 21 S. C., 240; 24 S. C., 476; 18 S. C., 316; 58 Am. S. R., 240; 5 Rich., 584; 11 Rich., 239; 15 S. C., 483, 487; 33 S. C., 477; 47 S. C., 484; 37 S. C., 340. *Definitions of negligence and how determined:* 95 U. S., 441; 89 Am. Dec., 664; 33 S. C., 217; 34 S. C., 67; 28 S. C., 397; 7 Am. S. R., 755; 15 Am. R., 640.

*Messrs. Jas. F. & John R. Hart,* contra.

July 31, 1899.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   The plaintiff claims that the defendant has injured him in the sum of $525, arising from filling

up a trestle, and that in so filling up such trestle on the right of way the defendant had over the plaintiff's land, the clay with which the fill was made was made to go twenty-five feet on each side of and beyond defendant's right of way over plaintiff's land. Plaintiff points out in what particulars he is injured. When the first complaint was served on July 29th, 1898, it only contained an allegation that the embankment, being made by clay whose natural slope in such embankment has caused it to project outside of and beyond defendant's right of way, and covering with clay plaintiff's land on either side of said track to the width of twenty-five feet, &c. On 13th August, 1898, defendant served its answer, and on 26th August, 1898, the plaintiff amended his complaint by alleging that the embankment of defendant was, *owing to its negligent and unskillful construction,* made to project outside of and beyond defendant's right of way, &c. Such proposed amended complaint was immediately returned with the following notice indorsed thereon: "This is returned because the amendments are beyond the scope of amendments that may be made as a matter of course, in this: That the amendments hereby sought to be made introduce a wholly different (alleged) cause of action. No unskillfulness or faulty construction of the embankment having been charged against defendants in the original complaint." On September 10th, 1898, notice of motion, before Judge Gage, was given by the defendant for an order striking out said amended complaint upon the ground that such amendments (so called) are beyond the scope of amendments that may be made as a matter of course, in this: That the amendments sought to be made introduce a different (alleged) cause of action, &c. Also, that it would at some time seek an order from Judge Gage requiring the plaintiff to make his amended complaint more definite and certain by stating the three causes of action (indicating them) separately. After argument, the Circuit Judge held that the plaintiff was entitled to amend his complaint as he had already chosen to do, but he held that the defendant's motion requiring plaintiff to

state his three causes of action separately should be granted. This order was dated the 14th September, 1898. On the 16th September, the plaintiff amended his complaint as required by this order. On 17th September, 1898, the defendant served its notice of appeal from the order of the 14th September, 1898. On October 29th, 1898, defendant served notice that it would orally demur to the amended complaint, because it failed to state facts sufficient to constitute a cause of action. This demurrer was overruled by Judge Gage, in an order dated 7th November, 1898. So now the defendant by its appeal questions, *first,* the order of 14th September, 1898, and *then* that of 7th day of November, 1898. We will dispose of these appeals in the order of time.

By section 193 of the Code of Procedure, it is provided: "Any pleading may be once amended by the party, of course, without costs, and without prejudice to the proceeding already had, at any time within twenty days after it is served, * * * unless it be made to appear to the Court that it was done for the purpose of delay * * * and if it appear to the Court that such amendment was made for such purpose, the same may be stricken out, and such terms imposed as to the Court may seem just * * *." In *Sullivan* v. *Sullivan,* 24 S. C., 474, this Court construed this section to mean that a party had, of course, a right to amend its pleading within the twenty days, provided it was not made to appear to the Court "that it was done for delay, that being the only limit to the right by the terms of the section." Yet this Court evidently leaned to this construction in those cases where a wholly different cause of action would be substituted under this power of voluntary amendment. By the actual decision in *Sullivan* v. *Sullivan, supra,* it was allowed a plaintiff to so amend his complaint, under section 193 of the Code, as to divide his causes of action as presented in his original complaint—assault and slander— so that he had one complaint alleging as its cause of action *assault and battery,* and the second with its cause of action as

*slander.* We do not see that the plaintiff in the case at bar has done any more than was sustained by this Court in the case just cited. *Hall* v. *Woodward,* 30 S. C., 574; *Wallace* v. *R. R. Co.,* 37 S. C., 341. We must overrule this ground of appeal.

Now as to the appeal from the order dated the 7th November, 1898. In passing upon this question we will reproduce the text of the amended complaint. "The plaintiff herein respectfully shows to the Court. For a first cause of action. 1st. That the defendant railway company is now, and was at the times hereinafter stated, a corporation created and existing under and by the laws of the State of South Carolina, and that plaintiff herein is a resident of York County, in said State. 2d. That the defendant company owns and operates a line of railway with a right of way over and through the lands of plaintiff, lying in said county, on both sides of Bullock's Creek, at the point where defendant's railway track crosses said creek, which said lands extend above and below the point of said crossing, the lands at and below said crossing being alluvial lands of great value. 3d. That on or about the 1st day of June, 1897, defendant company began the construction of an embankment through plaintiff's lands at the point where its track crosses Bullock's Creek, and completed the same about the 1st day of November, 1897. That said embankment supports defendant's railway track across said creek in place of the trestling on which said track was first constructed, and has a length of 640 and a height of about fifty feet, and the natural slope of the clay used in making said embankment, owing to its negligent and improper construction, has caused it to project outside of and beyond defendant's right of way, and covering with clay plaintiff's land on either side of said track to the width of twenty-five feet, and depriving plaintiff of the use thereof, to his injury and damage in the sum of $100. And defendant alleges that the natural effect of the subsidence of the said embankment, owing to its construction as aforesaid, and replenishing the same from time to time, will cause it to cover a

3—56

yet greater area of plaintiff's land, and by reason thereof, and by reason of the washing away of the clay composing said embankment and depositing the same on his lands lying below, the value of certain ten acres of alluvial land, known as bottom lands, is impaired, and plaintiff is damaged to the amount of $100 * * *." When the Circuit Judge passed upon this question he used this language: "This is a motion by defendant to dismiss the first and third causes of action stated in the complaint. It is practically a demurrer to those causes of action, because they 'do not state facts sufficient to constitute a cause of action.' It is admitted on both hands that the first cause of action is for the taking by defendant of twenty-five feet of land on both sides of its track outside of and beyond its right of way; and that taking was accomplished through the erection of a fill (in place of a trestle), the base of which is wider than the defendant's right of way by twenty-five feet on each side; and that the fill was made by the ejection of earth from the top of the trestle until a base was made wide enough to support an embankment of a given height, to wit: about fifty feet. It is further admitted by both sides that defendant is a railway company, organized under the laws of this State. The complaint alleges these things, and defendant concedes the fullness of the allegations, but contends plaintiff's remedy is under the statute regulating the taking of lands for public purposes (Rev. Stats., 1893, sec. 1743-1755). A railway company organized under the laws of this State has the right to take lands for public purposes, to wit: for the erection of its road-bed; and that right is not exhausted, as matter of law, by the first taking. If it does so take lands, the owner's remedy is other than by suit of this character. It can so take lands without written notice to a landowner, and with the owner's implied permission. But the allegation of the complaint goes a step further, and charges negligent construction by defendant. A railway company may acquire the legal right to construct a road over the lands of another, but it must be built with ordinary care, without negligence.

If damage result from such negligent act in the doing of lawful work, the company must respond, and in a suit like this, whether an act is negligent, is a question of fact. A proper allegation of negligence is an allegation of circumstances which tend to show the want of care. The circumstances alleged in the case at bar is the ejection of clay at the top of a trestle until a pyramid is formed by natural laws, the top of which supports the crossties and rails, and the base of which rests partly on land owned by plaintiff, and hitherto not condemned by legal process. It is manifest defendant may have done those acts, (1) without regard to where the dirt fell when ejected, and (2) with purpose to have it fall on defendant's land, and thereby take it under the statute for a public purpose. If the former, the act was not careful of the rights of others, and that is negligence. And it matters not if the dirt did fall in a natural way, and it matters not if that was the proper way to construct a fill. The fill must be constructed in the best way, but with due regard to the rights of others. If the latter, did the defendant mean to exercise the right of eminent domain, as prescribed by section 1752 (Rev. Stat., 1893). If it did, this action will not lie; if it did not, this action will lie. The defendant contends that such was its purpose, manifest from the allegations of the complaint. I cannot concur in that view. The complaint concedes the taking, but not from a purpose to take and the execution thereof; the taking alleged is the unconscious result of a negligent act. It may be the defendant intended to take under the statute; but it does not so appear yet. Taking land for public purposes involves a mind to take, and an actual taking. The latter is shown by the complaint; the answer must show the former, if shown at all. The demurrer to the first cause of action is overruled."

To the order of November 7th, 1898, the defendant states these exceptions: "1. Error in the application of the correct legal principle that if damage result from a negligent act in the doing of lawful work, the defendant railway company must respond in a suit like the present—the error consisting

in this: That the alleged damage grew out of appropriating the lands of plaintiff to defendant's use, and depriving plaintiff of such use; and error in not holding that for such damage plaintiff's remedy was (1) by special proceeding for compensation, or (2) by action to recover possession of the lands appropriated.    2. Error in holding that 'Whether an act is negligent is a question of fact,' and in not holding that negligence 'is a mixed question of law and fact.'    3. Error (after correctly holding that 'A proper allegation of negligence is an allegation of circumstances which tend to show the want of care') in not holding that the circumstances alleged in the case at bar did not tend to show any want of care whatever.    And in that connection, error in not holding that the general and indefinite allegation concerning the embankment, to wit: 'owing to its negligent and improper construction,' was controlled and completely negatived by the specific averment that it was 'the natural slope of the clay used in making said embankment,' which 'caused it to project outside of and beyond defendant's right of way.'    4. Error (after reciting the circumstances alleged in the case at bar—that clay was ejected 'at the top of a trestle until a pyramid' was 'formed by natural laws') in holding that an embankment constructed as alleged (with 'natural slope') could possibly have been negligently and improperly constructed, so as to produce the results of which the plaintiff complains.    5. Error in holding that 'it matters not if the dirt did fall in a natural way;' and further error in holding that defendant could be liable (in this form of action) 'if that was the proper way to construct a fill.'    6. Error in not holding that it was manifest from the allegations of the complaint that the defendant did mean to exercise the right of eminent domain as prescribed by section 1752 of the Rev. Stats. (1893), and other sections article II., chapter 51, and error in holding the contrary.    7. Error in holding that 'the taking alleged is the unconscious result of a negligent act;' and further error in holding that the complaint does not show 'a mind to take' (on the part of the defendant) the

lands that were appropriated.   8. Error in overruling the demurrer to the first cause of action, and error in not sustaining the same."

As to the first exception, it seems to us that the Circuit Judge committed no error as here pointed out; for in addition to the views in the decree, why may not a railroad, by a faulty or unskillful use of clay, for instance, take more land that a right of way would demand? To make our meaning plain, we will suppose that the right of way for the purposes of this embankment would be the old right of way; then if, by reason of a careless disregard of the rights of the landed proprietor, the clay for the embankment was scattered far beyond such proper right of way, would not such carelessness in constructing the embankment be actionable? We think so. This exception is overruled.

The second exception is of no practical effect in the connection in which it occurs. It is overruled.

As to the third exception, we do not think the Circuit Judge was guilty of any error in holding that the facts as alleged in the complaint did show a want of care. "The natural slope of the clay used in making the embankment" is one thing. That the embankment, because of its negligent and improper construction, projected outside of and beyond defendant's right of way, is another thing. And while the two, when placed side by side, do look a little queer, yet we hardly think a complaint under such circumstances should be held to be fatally faulty. Metaphysical subtleties are highly entertaining, but we would hardly be justified in applying them to language in an ordinary complaint. This exception is overruled.

As to the fourth exception, we must agree with the Circuit Judge, that the laws of nature which govern the formation of a pyramid may be so interfered with by man that such an embankment may project outside of and beyond the defendant's right of way. Let the exception be overruled.

As to the fifth exception, we agree with the Circuit Judge, and the exception is overruled.

.The sixth exception presents the findings of fact by the Circuit Judge as erroneous, relating as it did to the intended exercise of the right of eminent domain by the defendant. We agree with the Circuit Judge. This exception is overruled.

So far as the seventh exception is concerned, we agree with the views expressed by the Circuit Judge. The exception is overruled.

Lastly, the eighth exception seems intended to comprehend all previous exceptions in it. If so, we have already passed upon them. If not, the form of the exception is faulty in not pointing out any specific error. It is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.